Justiliano Cuevas, Appellant, *v.* Platers and
Coaters, Inc. and State Workmen's
Insurance Fund, Appellees.

Argued October 5, 1973, before Judges CRUMLISH,
JR., WILKINSON, JR. and MENCER, sitting as a panel of
three.

*Joseph Lurie,* with him, of counsel, *Galfand, Berger, Senesky, Lurie & March,* for appellant.

*Thomas E. Roberts,* with him *Clyde M. Hughes, Jr.,* and *Samuel C. Vary,* for appellee, employer.

*Milton D. Soiferman,* Special Assistant Attorney General, for appellee, State Fund.

OPINION BY JUDGE WILKINSON, November 8, 1973:

This appeal from the decision of the lower court, which affirmed a decision of the Workmen's Compensation Board (now Workmen's Compensation Appeal Board), which reversed a referee's award to claimant-appellant, had its origin in a claim petition filed on December 8, 1965. Answers were filed on February 3, 1966. Several hearings were held between May 9, 1967 and September 3, 1969. The referee filed his decision on February 25, 1970, finding that during the course of his employment, claimant-appellant was exposed to the hazards of poisoning from the fumes of hydrochloric, nitric and chromic acids on a daily basis and awarded compensation.

On March 25, 1970, an appeal was filed to the Board. After granting two continuances, the Board heard the appeal on June 9, 1971, and filed its decision and opinion on August 16, 1971, mailed to the parties on August 26, 1971, reversing the referee and making findings that the claimant-appellant was not exposed to the disease of bronchitis while employed by the employer-appellee.

An appeal was filed to the Court of Common Pleas on September 15, 1971. Argument was had, and the lower court filed its order and opinion, affirming the Board, on February 13, 1973. This appeal followed.

Claimant-appellant bases his claim on a specific occupational disease as set forth in Section 108(g) of The Pennsylvania Occupational Disease Act, Act of June 21, 1939, P. L. 566, as amended, 77 P.S. §1208(g), which provides: "(g) Poisoning by, or ulceration from, chromic acid or bichromate of ammonium, bichromate of potassium, or bichromate of sodium, or their preparations, in any occupation involving direct contact with, handling thereof, or exposure thereto." Indeed, claimant-appellant asserts that the Board and the court below indicate that they failed to understand his position

when they discussed the claim under the "catch-all" provisions of Section 108(n) of the Act, 77 P.S. §1208 (n). We speculate that the Board and the court below, having determined that there was no competent evidence of exposure to a specific occupational disease covered by Section 108(g), went further to discuss whether claimant-appellant might come under the "catch-all" provisions of Section 108(n). Be that as it may, both the Board and the court below found that claimant-appellant had not proved his claim under either provision. We must affirm.

Although there were several hearings, there were, in fact, only six witnesses. Claimant-appellant offered himself, his doctor, and two witnesses; and the defendant offered a doctor and one witness. We can affirm the Board's finding on the very threshold issue that there was no competent evidence offered by anyone that claimant-appellant was exposed to chromic acid which is the only chemical used in the defendant's business that is listed in Section 108(g) of the Act, 77 P.S. §1208(g). Claimant-appellant is the only witness that testified that he was exposed to any acid, but he did not identify the acid to which he was exposed as chromic acid. All the other witnesses, who discussed claimant-appellant's duties, testified that he was not exposed to chromic acid. One of the witnesses, who testified in detail as to his duties, was the "chemist" who testified that chromic acid was used at the plant, but testified very positively that claimant-appellant was not exposed to it.

Claimant-appellant admits, as he must, that he had the burden of proving exposure to chromic acid. Nevertheless, the only witness claimant-appellant called on this, other than claimant-appellant himself, testified positively, unequivocally, and repeatedly, in response to questions by claimant-appellant's attorney, that claimant-appellant did not handle any acid.

Accordingly, the order of the court below is affirmed.